Robert David JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 51579.

Court of Criminal Appeals of Texas.

June 30, 1976.

**114**

Percy Foreman and Dick DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, and Sam Adamo, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the possession of heroin which offense was committed on March 16, 1973; appellant waived a jury trial and, pursuant to his election to be sentenced under the Controlled Substances Act, the court assessed punishment at imprisonment for 6 years.

In his sole ground of error appellant contends that the evidence is insufficient because a chain of custody for the subject heroin had not been established. We agree and reverse the judgment.

At a suppression hearing held immediately prior to trial, Officer E. J. Stringfellow testified that on March 16, 1973, in the parking lot of a Holiday Inn in Houston, he saw the appellant throw a balloon from the driver's window of a car he was operating. Officer Stringfellow seized the balloon and found inside a brownish, powdery substance which, based on his experience, he thought was heroin. He stated that he arrested the appellant, initialed the balloon and, after his partner arrived, took the appellant to the police station and delivered the balloon to police chemist Robert H. Warkentin. Officer Stringfellow was not asked to identify any balloon containing a brownish, powdery substance as being the same one he seized and initialed.

At the conclusion of the hearing, the trial judge overruled appellant's motion to suppress. Then to save time and avoid having the witness repeat his testimony, the court indicated that Officer Stringfellow's testimony, subject to the sustaining of objections to conclusory statements he made regarding the merits of the case, would be incorporated in the record of the trial proceedings.

The State called the police chemist, Warkentin, who testified that on March 16, 1973, Officer Stringfellow delivered to him a balloon filled with a substance which he later determined contained heroin. He was shown State's Exhibit No. 1 and identified it as a plastic bag containing the balloon delivered to him by Stringfellow; he identified his own initials on the balloon. The exhibit was admitted in evidence over appellant's objection that a proper chain of custody had not been established.

■ State's Exhibit No. 1 was never shown to or identified in any manner by Officer Stringfellow; the fact that the chemist identified the balloon as one delivered to him by the officer is not legally sufficient to show that the balloon was the one the officer seized after he saw appellant throw it from a car. In short, there was no showing that State's Exhibit No. 1 was in any manner connected to the appellant, and therefore the proof is insufficient to show that appellant possessed heroin on the date charged. See and compare *Brown v. State,* 156 Tex.Cr.R. 144, 240 S.W.2d 310 (1951).

The State contends the case before us is controlled by *Salinas v. State,* 507 S.W.2d 730 (Tex.Cr.App.1974). However, that case is distinguishable in that there the chain of custody of the package containing the heroin was sufficiently shown to connect appellant to the heroin. The specific complaint in that case was that the officers were unable to identify the *substance* in the

packages they were shown at trial as being the *same substance* in the packages which had been delivered to the chemist. On the other hand, in the case before us there was no showing that the powder-filled balloon identified by the chemist was the same one Officer Stringfellow saw appellant throw from his car.

The State also contends that the testimony of Officer Stringfellow at the suppression hearing, wherein he stated that the substance in the balloon appeared to be heroin and that when he "ran a test on the substance" it gave him a "positive reaction," was, standing alone, sufficient to establish that appellant was in possession of heroin as alleged. In support of this position the State offers the case of *Miller v. State*, 168 Tex.Cr.R. 570, 330 S.W.2d 466 (1959), where it was held that a narcotics officer's testimony that he had seen a great deal of *marihuana* and could recognize it when he saw it was sufficient to qualify him as an expert and to show that the accused did possess *marihuana*. See also *Jordan v. State*, 486 S.W.2d 784 (Tex.Cr.App.1972); *Satery v. State*, 455 S.W.2d 294 (Tex.Cr.App.1970). However, when the trial judge incorporated Officer Stringfellow's suppression hearing testimony in the record of the trial proceeding, he stated that he would sustain objections to conclusory remarks made by the officer concerning the merits of the case; therefore, the officer's statements regarding the chemical make-up of the brown, powdery substance in the balloon were not in evidence and cannot be made the basis of a finding that the appellant possessed heroin on the date charged.

Appellant's challenge to the sufficiency of the evidence is sustained.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.