James Floyd ADAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 58371.

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 24, 1979.

Larry E. Meyer, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Connie B. Williams, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary of a building with intent to commit theft wherein punishment was assessed at fifteen years.

In his first of two grounds of error, appellant contends the trial court erred in denying his written request to charge the jury on the law of circumstantial evidence. Appellant was convicted of burglarizing a U–Totem convenience store in the early morning hours of July 26, 1975. The record reflects that two Houston police officers responded to notice of an alarm coming from the store at about 2:10 a. m. As the officers were arriving at the store, they observed appellant walking away from the store at a short distance from a broken window. He was carrying a jar of pennies and two cartons of cigarettes. The jar of pennies was later identified by the store manager as having come from the store. Other items, also identified by the store manager, were found outside the store directly in front of the broken window. The store manager testified that when he left the store at approximately 1:15 a. m. on the date in question, he had locked the store and the glass window was intact.

Appellant argues that a charge on circumstantial evidence was required because all the evidence offered by the State to prove that appellant actually entered the store with intent to commit theft was circumstantial. We disagree for the reason that the facts proven were so closely related to the main fact to be proved as to be the equivalent of direct testimony, thus rendering unnecessary a charge on circumstantial evidence. See *Ales v. State,* Tex.Cr.App., 587 S.W.2d 686 (No. 57,658, 10/17/79); *Coleman v. State,* Tex.Cr.App., 530 S.W.2d 823; *Riggins v. State,* Tex.Cr.App., 468 S.W.2d 841. The first ground of error is overruled.

Appellant further contends that the trial court erred in failing to submit his requested written instruction to the jury that each element of the offense must be proved beyond a reasonable doubt. The court did charge generally on the presumption of innocence and reasonable doubt, as well as in the negative for purposes of acquittal. Reasonable doubt is given in the application of the law to the facts, again with a statement of the charge in the nega-

tive. Also, the court charged that the burden of proof was on the State to prove appellant's guilt beyond a reasonable doubt. The charge was sufficient. The ground of error is overruled.

Finding no reversible error, the judgment is affirmed.