# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============

## NO. 03-99-00861-CR

===============

**Iriz Samantha Smith, Appellant**

**v.**

**The State of Texas, Appellee**

========================================================================

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 8791, HONORABLE FRANK J. MALONEY, JR., JUDGE PRESIDING

========================================================================

Appellant Iriz Samantha Smith appeals from her conviction for possession of four grams or more but less than 200 grams of cocaine. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), .115(a), .115(d) (West Supp. 2001). The jury assessed appellant's punishment at imprisonment for three years. In her five points of error, all of which are briefed together, appellant contends that the evidence is insufficient "to prove that the cocaine introduced into evidence was ever found on or about the person of the appellant." We affirm the judgment.

Sergeant Robert Lewis, a Narcotics Enforcement Team (NET) member, received information from an informer that appellant was driving a maroon minivan toward Burnet and that she had in her possession crack cocaine. Lewis contacted Mike Martin, a City of Burnet police officer, and asked him to be on the lookout for appellant. When Martin saw appellant driving the minivan, he noticed that she was not wearing a seatbelt and that one of the four young children with her was standing unrestrained on the front seat. Martin stopped appellant

for these traffic offenses.  While Martin was issuing a ticket to appellant, Lewis arrived on the scene.  Soon Sergeant Robert Bylar, another NET member, came to the scene to assist in the investigation.  Appellant told Lewis she did not have any narcotics and gave her consent for a search of the van.  Appellant's aunt came to take charge of appellant's children.  Appellant tried to hand a diaper bag to her aunt.  Lewis asked if he could search the bag and appellant consented.  Bylar searched the bag and found a brown prescription "pill" bottle that contained what Bylar thought was crack cocaine.  Bylar handed the bag and the pill bottle to Lewis.  Lewis testified:  "I took care, custody, and control of the evidence [including the crack cocaine] where I kept it in my possession until I turned it over to the NET evidence officer, where he in turn locked it up in the file, until he carried it to DPS in Austin for analysis."

Specifically, appellant complains that the crack cocaine admitted in evidence was not shown to be the same substance taken from the diaper bag because none of the officers, Lewis, Bylar, or Martin,identified State's Exhibits 7 and 8.  State's Exhibit 7 was a package or wrap holding State's Exhibit 8.  State's Exhibit 8 was a plastic bag containing a pill bottle and crack cocaine.  In other words, appellant argues that the State failed to show an unbroken chain of custody of the substance seized.  Therefore, appellant urges the evidence is insufficient to support appellant's conviction.

Appellant argues that *Jones v. State*, 538 S.W.2d 113 (Tex. Crim. App. 1976), is controlling and that it requires reversal of the judgment in this case.  In *Jones*, a chemist identified a balloon and testified that he analyzed its contents and found that it was heroin.  That balloon had been handed to the chemist by Officer Stringfellow.  Stringfellow testified that he had seen Jones throw a balloon from a car window.  That balloon contained a powdered

2

substance Stringfellow believed was heroin. Stringfellow had handed that balloon to the chemist for analysis of its contents. However,

> State's Exhibit No. 1 [the balloon containing contraband delivered to the chemist by Stringfellow] was never shown to or identified in any manner by Officer Stringfellow; the fact that the chemist identified the balloon as one delivered to him by the officer is not legally sufficient to show that the balloon was the one the officer seized after he saw appellant throw it from a car. In short, there was no showing that State's Exhibit No. 1 was in any manner connected to the appellant, and therefore the proof is insufficient to show that appellant possessed heroin . . . .
>
>     . . . .
>
> there was no showing that the powder-filled balloon identified by the chemist was the same one Officer Stringfellow saw appellant throw from his car.

*Id.* at 114-15.

At trial, neither Lewis, Bylar, nor Martin were asked to identify State's Exhibits 7 and 8. However, the record shows an unbroken chain of custody of the contraband from the time it was seized until the time it was admitted into evidence. Sergeant Lloyd Morgan, an evidence custodian for NET, identified State's Exhibit 6 as "a submission form put on by the officer, the case agent at the time" and testified that Lewis was "the case agent." State's Exhibit 6 is a Texas Department of Public Safety controlled substance submission form. Exhibit 6 bears the following information: 1. The submitting agency is the "33rd Judicial District NET." 2. The submitting agency's file number is "N99-0110." 3. The submitting officer was "L. Bruce Morgan." 4. The suspect's name was "Smith, Iriz Samantha." 5. The County of the offense was "Burnet." 6. The evidence submitted was "White Rock in Pill Bottle." 7. The case number assigned by the DPS laboratory was "L271689."

3

Morgan testified that Lewis handed him the pill bottle and crack cocaine in a plastic bag that Lewis had heat sealed. (State's Exhibit 8). Morgan took the submission form in triplicate and the plastic bag containing the contraband to the Department of Public Safety laboratory in Austin so the contraband could be analyzed. At the DPS laboratory, case number L271689 was assigned and that number was placed on the submission form and on State's Exhibit 7 that contained Exhibit 8. Morgan retained one copy of the submission form. Later, after the evidence had been analyzed, Morgan retrieved State's Exhibits 7 and 8 from the laboratory and they were "logged back in" and "locked back into the lockup." Morgan, referring to State's Exhibit 7, testified, "This is the bag that I took to the lab with the evidence in it." Morgan testified that he knew State's Exhibit 7 was the same bag because "[i]t's signed by Robert Lewis. It's the same case number."

Sergeant Jimmy Hopkins, the evidence custodian for NET at the time of trial, brought State's Exhibits 6, 7, and 8 to court on the day of trial. The exhibits were identified by the DPS laboratory number L271689. On cross-examination by defense counsel, Hopkins was asked whether he had ever seen State's Exhibit 8 before the day of trial. He replied that he had seen this evidence "the night that the traffic stop was made up here. I was with Sergeant Lewis." By careful reading of the record, we have ascertained that a complete chain of custody of the contraband was established.

In other cases when the sufficiency of the evidence was challenged, less compelling evidence to show a chain of custody has been held sufficient. *Jones v. State*, 617 S.W.2d 704, 705 (Tex. Crim. App. 1981); *Simmons v. State*, 944 S.W.2d 11, 12-13 (Tex. App.—Tyler 1996, no pet.); *Murray v. State*, 864 S.W.2d 111, 116-17 (Tex. App.—Texarkana

4

1993, pet. ref'd); *Madison v. State*, 825 S.W.2d 202, 204-05 (Tex. App.—Houston [1st Dist.] 1992, no pet.); *Dominguez v. State*, 759 S.W.2d 185, 186-87 (Tex. App.—San Antonio 1988, pet. ref'd) (distinguishing *Jones*, 538 S.W.2d 113).

The DPS chemist testified concerning the analysis, handling, and chain of custody of the substance submitted for analysis while the substance was at the laboratory. In his analysis the chemist found the substance analyzed was 8.5 grams of cocaine. The evidence is sufficient to support appellant's conviction. Appellant's points of error are overruled. The judgment is affirmed.

_____
Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices Kidd and Dally[*]

Affirmed

Filed: January 11, 2001

Do Not Publish

[*] Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).