Malcolm Dubois Lamb v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-030-CR

     MALCOLM DUBOIS LAMB,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 339th District Court
Harris County, Texas
Trial Court # 786,090
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Malcolm Dubois Lamb pled guilty to the felony offense of aggravated robbery, and the court
deferred a finding of guilt and placed Lamb on community supervision for a period of ten years. 
In November 2000, Lamb’s community supervision was revoked and he was sentenced to prison
for twenty years. The trial court appointed an appellate attorney, and Lamb appealed.
      On March 7, 2001, the following were filed in our court:

      •    Appellant’s Anders brief.
      •    Appellant’s attorney’s Motion to Withdraw.
      In Sowels v. Texas, we discussed our procedures in Anders cases. 45 S.W.3d 690 (Tex.
App.—Waco 2001, no pet.). Anders v. California discusses a court-appointed appellate attorney’s
obligations when the record contains no issues which might arguably support an appeal. 386 U.S.
738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). After affirming the judgment in Sowels,
we described in detail how Anders cases are processed in our court. Those procedures are as
follows:
      1.   The appellant’s attorney must submit a brief from which it is clear the attorney has
diligently searched the record for any issues which might arguably support an appeal and
found none.
 
      2.   We recommended that the appellant’s attorney send us a “Notice of Filing of Anders
Brief” so we will be alerted to this fact as soon as possible.
 
      3.   The appellant’s attorney must supply us with a notice, letter, or other written document
indicating or asserting that the attorney has:
 
            A.  provided a copy of the brief to the appellant;
 
            B.  made it clear to the appellant that the attorney has concluded there are no issues
which might arguably support an appeal and the attorney is communicating that to
the appellate court;
 
            C.  fully informed the appellant of his or her right to review the record; and
 
            D.  fully informed the appellant of his or her right to file a pro se brief or other
response.
 
      4.   After the Anders brief has been filed and the attorney has met the obligations described
in “A”, “B”, “C”, and “D”, the appellant has thirty days to file a pro se brief or other
response, or to file a motion for extension of time in which to do so.
 
      5.   If the appellant files a pro se brief or other response, the State then has a right to file a
brief or other appropriate response, or a written waiver thereof. On receipt of the State’s
response or waiver, we will independently review the record for any issues which might
arguably support an appeal.
 
      6.   If we find any issues which might arguably support an appeal, we will proceed as
required.
 
      7.   If we agree there are no issues which might arguably support an appeal, we will affirm
the judgment.
 
      8.   If the appellant’s attorney wishes to withdraw at any time, the attorney must present a
motion to the trial court which appointed the attorney. A copy of any order of
withdrawal must be filed by the attorney with us.

      We have reviewed the record in this case, and we find that our requirements listed above have
been met. The Anders brief shows that Lamb’s attorney professionally and systematically
examined the entire record for issues which might arguably support an appeal, and concluded there
were none. The attorney filed a letter with this court that she sent Lamb; it shows compliance
with “3” above. Lamb waived his right to file a pro se brief or other response by failing to file
a brief. On April 2, 2001, the State filed a waiver of its right to file a brief. Our independent
review of the record did not reveal any issues which might arguably support an appeal. Therefore,
we affirm the judgment. Appellate counsel must inform Lamb of the results of this appeal and of
his right to file a petition for discretionary review. Sowels, 45 S.W.3d at 694.

                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 10, 2001
Do not publish
[CR25]



rschlag alleges that the trial court's comment on the weight of the evidence
denied him a fair and impartial trial. During direct examination of Bauerschlag, the following
transpired:
[PROSECUTOR]: Your Honor, I - I apologize, but I'm going to have to object to
this as irrelevant.
THE COURT: Sustained. It's also hearsay.
      Bauerschlag did not object to the court's comment, and "[t]he failure to timely object . . .
waives any error." See Dominquez v. State, 759 S.W.2d 185, 189 (Tex. App.—San Antonio
1988, pet. ref'd). We overrule point of error three.
      In point four, Bauerschlag complains that the court failed to suppress evidence obtained
pursuant to an illegal search warrant or gathered outside the scope of the warrant. Jones had an
arrest warrant for Bauerschlag for the offense of delivery of marijuana, and Perdue was assisting
Jones in Bauerschlag's lawful arrest. When approaching the back of the house, Perdue observed
"what he believed to be marijuana plants growing in the back yard." Because this statement was
in the affidavit attached to the search warrant, the magistrate was aware of the possibility that
marijuana was located in the back yard, and she knew that the officers would search these areas. 
The search warrant authorized the seizure of marijuana, and Bauerschlag cannot seriously argue
that the magistrate intended to exclude confiscation of marijuana growing outside the home. We
find that the officers did not exceed the scope of the warrant in the areas or items they searched.
      Perdue's failure to list, in the affidavit supporting the warrant, his training or experience in
recognizing marijuana does not taint the evidence seized in the search. Jones affirmed his own
training in the detection of marijuana in the search warrant, and "the fact that an officer other than
the affiant or affiants on the affidavit for search warrant conducted or assisted in the search does
not render the evidence seized inadmissible." See Mattei v. State, 455 S.W.2d 761 (Tex. Crim.
App. 1970). Bauerschlag's fourth point is overruled.
      In point five, Bauerschlag claims that he was denied effective assistance of counsel. A two-pronged test is used to determine if a defendant has been denied effective assistance of counsel. 
Strickland v. Washington, 466 U.S. 668, 693-94, 104 S.Ct. 2052, 2067-68, 80 L.Ed.2d 674
(1984). First, the defendant must show that counsel's performance was deficient, i.e., that counsel
was not functioning as counsel guaranteed by the Sixth Amendment. Second, defendant must
show that this deficient performance prejudiced the defendant, i.e., that counsel's errors were so
serious as to deprive the defendant of a fair trial with a reliable result. Id. Ultimately, the
defendant must show that there is a "reasonable probability that the outcome of the trial would
have been different but for the errors." Ex Parte Wellborn, 785 S.W.2d 391, 393 (Tex. Crim.
App. 1990). This test is to be applied at the time of trial, and the court's scrutiny of defense
counsel's performance must be highly deferential. Id.
      Bauerschlag's ineffective assistance of counsel claim is based upon allegations that his
counsel: (1) allowed the prosecution to comment on the weight of the evidence during voir dire;
(2) made a statement against the interest of his client during voir dire and appeared ashamed to
represent Bauerschlag; (3) failed to object to numerous hearsay questions during Jones' testimony;
(4) failed to object while his witness was being badgered; (5) prepared inadequately by questioning
Officer Sayers about a statement supposedly made to his brother, when the witness was actually
a sole surviving son; (6) allowed evidence of extraneous crimes through his own cross-examination; (7) failed to redirect Bauerschlag after his testimony on guilt-innocence; and (8)
allowed the state to reopen cross examination even though Bauerschlag's counsel had not
redirected. We will examine these allegations.
      The failure to object to the prosecutor's comments upon the weight of the evidence does not
render Bauerschlag's counsel ineffective. Counsel may have chosen not to object for a number
of legitimate reasons, and this court will not second guess the strategy employed by trial counsel
during voir dire. Johnson v. State, 629 S.W.2d 731, 737 (Tex. Crim. App. 1982). Second, the
comments made by Bauerschlag's attorney during voir dire cannot be said to be against his client's
interest. The statements could have been calculated to win the sympathy of the prospective jurors,
to gain their attention, or to urge them to remember the innocent-until-proven-guilty standard. 
Bauerschlag's counsel did fail to object to hearsay evidence and "badgering" of the witness, but
Bauerschlag has not shown how these omissions prejudiced his defense. Bauerschlag also failed
to show how his counsel's error concerning Sayer's statement constituted inadequate preparation
which could have prejudiced his defense. Further, evidence of extraneous crimes introduced
during Bauerschlag's cross-examination bolstered his entrapment claim and did not prejudice him. 
Finally, the court must give great deference to defense counsel's decision to call and question
witnesses, and the decision to allow the state to reopen cross-examination of Bauerschlag without
redirecting him did not deem counsel ineffective. See Coble v. State, 501 S.W.2d 344, 346 (Tex.
Crim. App. 1973). 
      Bauerschlag's attorney did perform above the minimum standards in Strickland, 466 U.S. at
693-94. He cross-examined and recross-examined all of the State's witnesses on direct evidence,
called three defense witnesses, and thoroughly cross-examined the State's rebuttal witnesses during
the guilt-innocence phase. He also called nine witnesses to testify at the punishment phase. While
Bauerschlag's counsel did not execute a flawless defense, the general complaints listed in the brief
do not, individually or collectively, constitute a deficient performance that, in reasonable
probability, would have produced a different result. A defendant is not entitled to errorless
counsel, and isolated instances of error do not cause counsel to become ineffective. Bridge v.
State, 726 S.W.2d 558, 571 (Tex. Crim. App. 1986); Moore v. State, 700 S.W.2d 193, 205 (Tex.
Crim. App. 1985). Because the actions of Bauerschlag's counsel were objectively reasonable at
the time of trial, Bauerschlag's fifth point of error is overruled.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 4, 1992
Do not publish