# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00444-CR

**Edward Tremble Page, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 2024430, HONORABLE STANTON B. PEMBERTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Edward Tremble Page guilty of possessing less than one gram of cocaine, for which it assessed a punishment of fifteen months in a state jail and a $500 fine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (b) (West 2003). Page contends the State failed to establish the chain of custody of the cocaine he allegedly possessed. He also complains of the admission of a penitentiary packet and of charge error at both stages of trial. We will overrule all points of error and affirm.

Austin Police Officer Phillip Kelly testified that on November 14, 2002, he went to the 8600 block of Fireside Drive to investigate complaints from neighbors that narcotics and prostitution activities were taking place in a vacant house. When Kelly arrived at the suspect address, Page was standing outside the house talking to a man in a parked car. Kelly asked Page for identification and ran a warrant check. Meanwhile, a backup officer arrived and the man in the car

left. Kelly was informed that there was a warrant for Page's arrest. Page was arrested and searched. Kelly found two rocks he believed to be crack cocaine in Page's pants cuff.

In his first three points of error, Page contends the State failed to establish the chain of custody of the seized substance. He argues that the State thus failed to prove that the substance tested and shown to be cocaine was the substance seized from him, and that the evidence is therefore insufficient to sustain his guilt.

Kelly testified that he placed the seized rocks in the police narcotics drop box. Asked to describe the drop box, Kelly said "all the evidence gets tagged. You stick it in the drop box along with the chain of custody and all of your paperwork, and it goes to the detectives."

State's exhibit one is an evidence envelope containing a substance that was shown by chemical tests to be cocaine. On the envelope is a chain of custody with the name or initials of each person who handled the evidence, with the date and time. The first name on the list is "Kelly P #4541, 11-14-02, 18:15." Officer Kelly was not shown this exhibit and did not identify the evidence envelope as the one in which he placed the substance he seized from Page.

Detective William Warren retrieved the evidence envelope from the drop box. He testified that a notation on the envelope shows that it was placed in the box by "P. Kelly, employee 4541." Warren identified his own initials and employee number as showing that he took the envelope from the drop box at 10:34 a.m. on November 15, 2002. Warren was asked how "a particular piece of evidence . . . stays linked with the correct defendant or a suspect in a case." Warren explained, "There's a submission form that's also included with this with a copy of the report. We check with the incident number that's labeled on the evidence tag here with our

submission form and the report form and make sure that al—all of them join together." Warren testified that he delivered the evidence envelope to the police chemist.

Gloria Rodriguez was the forensic chemist who tested the cocaine contained in exhibit one. Rodriguez identified the exhibit by her initials and employee number as having been received by her from Warren at 2:00 p.m. on November 15, 2002. Rodriguez also identified two numbers that appear on the exhibit. The first number, 064756, is the unique laboratory number that Rodriguez personally wrote on the envelope. The second number, 02-3181299, is the police department incident number. Rodriguez testified that Edward Page was the "suspect that is listed on my submission form and the corresponding APD incident number." The prosecutor asked Rodriguez, "[D]o either of the unique numbers or the name not correspond on any of the forms connected with this piece of evidence today?" She answered, "They all correspond, that's correct." Page does not challenge the chain of custody of exhibit one following its removal from the narcotics drop box by Warren. He urges, however, that the beginning of the chain of custody was not proved because Kelly did not identify either the evidence envelope or the substance it contained. Thus, argues Page, the State failed to connect him to the cocaine contained in the envelope. *See Jones v. State*, 538 S.W.2d 113, 114 (Tex. Crim. App. 1976) (finding evidence insufficient when balloon of heroin delivered to chemist by arresting officer was not identified by officer as balloon he seized from defendant).

Proof of the beginning and the end of the chain of custody will support admission of the evidence barring any showing of tampering or alteration. *Stoker v. State*, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989); *Penley v. State*, 2 S.W.3d 534, 537 (Tex. App.—Texarkana 1999, pet. ref'd).

3

Tagging an item of physical evidence at the time of its seizure and then identifying it at trial based on the tag is sufficient for admission. *Stoker*, 788 S.W.2d at 10. Although Kelly did not personally identify the evidence tag or envelope at trial, Kelly's name and the date of seizure were on the envelope. This notation and Warren's testimony confirmed that Kelly placed the envelope in the drop box as the officer said he did. Rodriguez testified that the incident number on the evidence envelope corresponded to the number on the incident report submitted with the envelope and involving a suspect named Edward Page. While the better practice would have been to have Kelly personally identify the exhibit, we hold that the testimony was sufficient to authenticate the exhibit and warrant its admission in evidence. *See* Tex. R. Evid. 901; *Stoker*, 788 S.W.2d at 10. Whether viewed neutrally or in the light most favorable to the verdict, the evidence supports a finding beyond a reasonable doubt that Page possessed the cocaine tested by Rodriguez. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (test for legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (same); *Zuniga v. State*, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004) (test for factual sufficiency). Points of error one, two, and three are overruled.

At Page's request, the court's jury charge at the guilt stage contained an article 38.23 instruction. Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2004). This statute provides that in any case in which the issue is raised, the jury should be instructed to disregard evidence that it believes, or has a reasonable doubt, was obtained in violation of the constitution or laws of Texas or the United States. In this case, the instruction told the jury:

4

Any evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas or of the Constitution or laws of the United States shall be disregarded by the jury.

Now before you consider the alleged cocaine found by Officer Kelly on the defendant, you must find beyond a reasonable doubt that Officer Kelly properly arrested the defendant. If you do not so find, you will disregard the cocaine and any testimony pertaining to it and not consider this evidence and testimony for any purpose.

Page complains that this instruction did not adequately inform the jury of the applicable law, failed to apply that law to the facts of the case, and did not require the jury to resolve the disputed fact issues. Page did not object to the instruction at trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

An article 38.23 instruction is required only when there is a factual dispute as to how the evidence was obtained. *Estrada v. State*, 30 S.W.3d 599, 605 (Tex. App.—Austin 2000, pet. ref'd). Page did not testify and Kelly's description of the events resulting in the discovery of the cocaine was uncontradicted. Nevertheless, Page argues that his cross-examination of the officer raised an issue as to whether he was truly free to leave before Kelly learned of the arrest warrant, as the officer testified. But in response to counsel's questions, Kelly and his backup officer simply reaffirmed that appellant was not detained in any way before he was arrested on the warrant. Because there were no controverted fact issues relevant to the admissibility of the cocaine, no 38.23 instruction was required. Because appellant was not entitled to any instruction, he clearly was not harmed, egregiously or otherwise, by the instruction given. *See Almanza*, 686 S.W.2d at 171. Point of error four is overruled.

Page's remaining points of error relate to evidence of other convictions introduced at the punishment phase of his trial pursuant to article 37.07. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2004). The evidence was an Arkansas penitentiary packet reflecting that an Edward Trimble Page had three burglary and two theft convictions in that state. Page contends the exhibit should not have been admitted because he was not shown to be the person convicted. He also contends the court erred by failing to give a reasonable doubt instruction regarding this evidence.

Although the pen pack contained the convict's fingerprints, the State did not link Page to the pen packet by means of a fingerprint comparison. Instead, the State relied on the physical description of the convict in the pen packet. This description included age, gender, race, height, weight, hair and eye color, build, and complexion. The pen packet also stated that the convict had an "LB" tattoo on his left chest, and scars on his lower back and left chest. Finally, the pen packet contained a photograph of the convict, albeit one that was not clearly reproduced in the facsimile copy introduced in evidence.

Kelley Gardner, a community supervision officer, testified that he interviewed Page in the jail while Page was not wearing a shirt. He said that Page had an "LB" tattooed on his left arm and another "LB" branded on his left chest. Gardner was of the opinion that these marks were consistent with the description of tattoos and scars contained in the Arkansas pen packet.

There is no one correct way to prove that a defendant has been previously convicted. *Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1984). In the instant cause, the court could compare Page's appearance in court with the photographs and detailed physical description

6

contained in the penitentiary packet. The court also heard Gardner's testimony that Page had tattoos and scars of the sort described in the pen packet. We hold that this evidence was sufficient to warrant the court's admission of the pen packet in evidence. *See Yeager v. State*, 737 S.W.2d 948, 952 (Tex. App.—Fort Worth 1987, no pet.). Point of error five is overruled.

Page also contends the court erred by failing to instruct the jury to disregard the pen packet unless it found beyond a reasonable doubt that Page was the person convicted in Arkansas. Page did not request this instruction or object to its absence, but contends that the court was obligated to give it on its own motion.

Article 37.07 requires that the defendant's guilt of unadjudicated offenses and other bad acts introduced at the punishment stage must be proved beyond a reasonable doubt, and the trial court must instruct the jury regarding the State's burden of proof even in the absence of a request or objection by the defendant. Tex. Code Crim. Proc. Ann. art. 37.07, § 3; *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). The statute does not require similar proof regarding previous convictions introduced at the punishment stage for the obvious reason that the judgments of conviction establish guilt beyond a reasonable doubt. *Bluitt v. State*, 137 S.W.3d 51, 54 (Tex. Crim. App. 2004); *Sanders v. State*, 69 S.W.3d 690, 693 (Tex. App.—Texarkana 2002, pet. dism'd, untimely filed). Neither statute nor case law requires a reasonable doubt instruction with respect to previous convictions introduced pursuant to article 37.07. *Sanders*, 69 S.W.3d at 693. Point of error six is overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices Kidd and B. A. Smith

Affirmed

Filed:   September 10, 2004

Do Not Publish