Opinion issued May 3, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-11-00113-CR &
01-11-00114-CR

———————————

Rudolph Foley, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 178th District Court

Harris County, Texas



Trial Court Case Nos. 1205088 & 1205089

 



 

MEMORANDUM OPINION

Appellant
Rudolph Foley was convicted in a jury trial of delivery of heroin, weighing
more than 1 gram and less than 4 grams,[1] and possession of cocaine
with intent to deliver, weighing more than 4 grams and less than 200 grams.[2]  Both charges were enhanced with two previous
felony convictions for drug possession.  The
court sentenced him to thirty years’ confinement.  

On appeal, appellant challenges (1)
the admission of testimony about the test performed on the drugs seized because
the chain-of-custody evidence was allegedly deficient, and (2) the sufficiency
of the evidence establishing the weight of the drugs.  We affirm.

BACKGROUND

Undercover Officer Sinegal with the Houston Police Department testified that
he called appellant and arranged to go to appellant’s trailer to purchase 15
baggies of heroin from him.  When Sinegal arrived, appellant was sitting at an outside table
near a barbeque pit.  After Sinegal gave appellant the agreed-upon $150, Sinegal watched as appellant retrieved the baggies of heroin
from the barbeque pit.  Sinegal saw a bag of crack cocaine sitting next to the
heroin in the barbeque pit.  

After the transaction was complete,
Sinegal returned to his car and called in marked
patrol units to arrest appellant.  He
also called his partner, Officer Patel, to describe the location of the crack
cocaine in the barbeque pit.  Appellant
was arrested within minutes of the heroin transaction, and Patel testified that
he located crack cocaine in the barbeque pit exactly as described by Sinegal.  After the
arrest, Sinegal drove back to appellant’s trailer to
confirm for the uniformed officers that the correct person had been taken into
custody.  Patel gave the seized cocaine
to Sinegal, as well as the money recovered (to
confirm that its serial numbers matched the money Sinegal
used in the buy).  

Both officers testified to later
meeting back at their office to process the case.   Sinegal gave the
narcotics to Patel to weigh and test while Patel drafted the charges.  Sinegal was present
and watched Patel weigh, test, and place the crack cocaine and fifteen baggies
of heroin into two separate clear bags, and then put those two bags into a
manila evidence envelope.  Sinegal then marked and sealed that manila envelope in
Patel’s presence.  Patel placed the
envelope in the department’s narcotics lockbox. 
The only people who have access to the drugs in the lockbox are people
in the crime laboratory.    

On the day of trial, Sinegal went to the crime laboratory and retrieved the
envelope containing the narcotics seized from appellant.  During trial, he identified the envelope by
his initials written on the outside of the envelope, along with the date,
appellant’s name, and the offenses for which appellant was
charged.  That manila envelope was marked
as State’s Exhibit Number 6.  After Sinegal identified State’s Exhibit 6, the State opened the
envelope, removed the contents, and marked the clear bag holding the fifteen
baggies of heroin as State’s Exhibit Number 7, and the clear bag containing the
crack cocaine as State’s Exhibit Number 8. 
Sinegal testified that he recognized State’s
Exhibit Numbers 7 and 8 as the narcotics he seized from appellant because he
watched Patel put them into Exhibit 6 before he himself marked and sealed that
manila envelope.  Patel similarly
testified that he recognized State’s Exhibit 7 and 8 as the narcotics that he
weighed, tested, and placed in State’s Exhibit Number 6.

Criminalist Kerry Adams testified
that she recognized State’s Exhibits Number 7 and 8 as the narcotics that she
tested in this case, and State’s Exhibit Number 6 as the envelope that
contained them.  Her in-court
identification of these exhibits was based on the laboratory number assigned to
this case and her initials that she wrote on each of the exhibits.  Although State’s Exhibits 7 and 8 were not
marked by Sinegal or Patel, Adams testified that she
knew that they came from State Exhibit 6 because she wrote the laboratory
number and the incident number on all three exhibits when she opened State’s
Exhibit Number 6 and inventoried its contents. 


Ultimately, State’s Exhibit Numbers
7 and 8 (the bags containing the seized controlled substances) were admitted
into evidence, but Exhibit Number 6 (the manila envelope that Exhibits 7 and 8
were placed in) was not admitted. 

Adams testified that the contents
of Exhibits 7 and 8 had not been tampered with since coming into the
laboratory’s possession, outside of what was necessary to perform testing.  A previous criminologist had done testing
before Adams, but Adams testified that the prior work was properly
documented.  Adams retested the evidence
because the original criminalist was on maternity leave.  

Based on Adams’s analysis of the
drugs, she concluded that the fifteen baggies in State’s Exhibit Number 7
contained 2.7 grams of heroin.  She also
concluded that Exhibit Number 8 contained 6.5 grams of crack cocaine.  These weights were slightly less than the
results of Patel’s weighing on the day of appellant’s arrest because a portion
of the drugs were consumed during testing, and because substances commonly lose
weight over time. 

ISSUES ON APPEAL

Appellant raises two issues on
appeal:

(1)            
The trial court erred by admitting testimony regarding tests performed on
the drugs admitted at trial because the State did not property present evidence
of the chain of custody for the drugs.

(2)            
The evidence was legally insufficient to support the convictions because
the state failed to produce sufficient evidence establishing the weights for
the controlled substances.

ADMISSION OF EVIDENCE

In his first point of error, appellant
contends that the drugs seized and the evidence about testing on those drugs
should not have been admitted.  He notes
that, when physical evidence is not identifiable through distinctive markings
or the like, or if evidence is fungible, such as drugs, then proof of the chain
of custody is required.  See Davis v. State, 992
S.W.2d 8, 10–12
(Tex. App—Houston
[1st Dist.] 1996, no pet.).  He
argues that although proof of the beginning and end of the chain of custody is
usually sufficient, that evidence cannot support admission if the evidence was
altered or tampered with.

In this case, the officers did not
put identifying marks on Exhibits 7 or 8. 
Appellant points out that, after the transactions and arrest, the officers
met at “some unknown location to consolidate the drugs before meeting back at
the police station.”  While the officers
testified that they weighed the drugs and placed them in an evidence envelope
at the police station, appellant asserts that “the officers could not otherwise
identify the drugs as being the same drugs recovered on February 25, 2009.”  

According to appellant, the
officers failed to adequately place an identifying mark on the evidence, and
“the circumstances surrounding their acquisition of the evidence and their
meeting at some unknown location before going to the police station to then
process the evidence raises at least some possibility of tampering.” As a
result, appellant argues, “the State failed to properly authenticate the drugs
and the Trial Court abused its discretion when it admitted the exhibits based
on the officers’ testimony.”

In response, the State contends
that the “State established the chain of custody of this evidence from the time
it left appellant’s possession to the time it was admitted at trial and, even
assuming for the sake of argument that the appellant’s objection was
meritorious, breaks in the chain of custody go to the weight, not the
admissibility, of evidence.”  The State
argues that it is appellant’s burden to present affirmative evidence of
tampering or commingling.  Stoker v. State, 788 S.W.2d 1, 10 (Tex.
Crim. App. 1989), abrogated on other
grounds by Leday v. State, 983 S.W.2d 713 (Tex.
Crim. App. 1998).  Because appellant did
not present affirmative evidence of tampering, the State contends that the
chain of custody was conclusively proven by the testimony from officers that
seized the evidence that they placed the drugs in a marked envelope that they
delivered to, and later retrieved from, the police lockbox.  Accordingly, the State argues that admission
of the seized drugs was not an abuse of discretion.  

A.   Applicable Law

We review the sufficiency of an
evidentiary predicate and the trial court’s decision to admit or exclude
evidence for abuse of discretion.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim.
App. 2000); Smith v. State, 683
S.W.2d 393, 405 (Tex. Crim. App. 1984); Foster
v. State, 101 S.W.3d 490, 498 (Tex. App.—Houston [1st Dist.] 2002, no
pet.).  A trial court abuses its
discretion when it acts without regard to guiding rules or principles.  Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).
 We will uphold the trial court’s ruling
if it is reasonably supported by the record. Willover v. State, 70 S.W.3d 841,
845 (Tex. Crim. App. 2002).

Physical evidence must be
identified by “evidence sufficient to support a finding that the matter in
question is what its proponent claims.” Tex.
R. Evid. 901(a).  When evidence lacks distinctive
characteristics, the State may authenticate it by establishing its chain of
custody.  Hammett v. State, 578 S.W.2d 699, 708
(Tex. Crim. App. 1979).      

Absent proof of tampering,
questions regarding the chain of custody go to the weight of the evidence
presented at trial.  Lagrone v. State, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997); Gallegos v. State, 776 S.W.2d 312, 315
(Tex. App.—Houston [14th Dist.] 1989, no pet.); accord Martinez v. State, 186 S.W.3d 59, 62 (Tex. App.—Houston [1st
Dist.] 2005, pet. ref’d).  Moreover, when the State shows the beginning
and the end of a chain of custody, any intermediate gaps go to the weight
rather than the admissibility of the evidence, particularly if the chain of
custody ends at a laboratory.  Martinez, 186 S.W.3d
at 62; Gallegos, 776 S.W.2d at
315–16.

B.   Analysis

We agree with the State that the
trial court did not abuse its discretion by admitting into evidence the seized
drugs and the testimony about the results of testing performed on those drugs.  Sinegal testified that
he seized the heroin from appellant, and Patel testified that he seized the
crack-cocaine from appellant.  Both
officers testified that Sinegal watched Patel weigh,
test, and place the controlled substances into two separate clear bags and then
place them into a manila envelope.  Patel
then placed that envelope into the police department’s lockbox, and Sinegal retrieved the drugs for trial.  Adams testified that the drugs had not been
tampered with while in the laboratory’s possession except as necessary to
perform tests.   

Absent evidence of tampering, this
testimony was sufficient to establish the drugs’ chain of custody.  Lagrone, 942 S.W.2d at 617; see also Young v. State, No. 01-95-00895-CR, 1996 WL 256594, at *1–2 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d) (holding that chain of custody was proven when
seizing officer did not mark individual bags of drugs, but placed them inside
an envelope, marked that envelope, and deposited that envelope with the crime
laboratory).  

There was no evidence that anyone
tampered with the evidence in this case. 
Appellant’s speculation that the evidence might have been tampered with
or altered, without more, does not render the chain-of-custody evidence
insufficient.  Irvine v. State, 857 S.W.2d 920, 925 (Tex. App.—Houston [1st Dist.]
1993, pet. ref’d) (holding that appellant’s
contention that the “possibility exists that the original baggies were
supplemented by other baggies” did not impact admissibility of evidence, but
only went to weight).  

We overrule appellant’s first point
of error.

SUFFICIENCY OF EVIDENCE

In his second point of error,
appellant argues that the evidence of the weight of the drugs seized is
insufficient to support his conviction.  Appellant points to Sinegal’s and Patel’s
failure to testify about how much the drugs weighed when they weighed them the
day of appellant’s arrest. 
Appellant concedes that Adams, the criminalist, testified that the
heroin in State Exhibit 7 weighed 2.7 grams and the cocaine in Exhibit 8
weighed 6.5 grams.  Appellant contends,
however, that the State “could not show with any certainty that the drugs
representative of Exhibit 7 and Exhibit 8 were the same drugs recovered” from
appellant and, thus, “it was just as likely that the drugs could have weighed
less.”   

The State argues that there is no
requirement that an officer weigh narcotics before sending them to a crime
laboratory.  Daniels v. State, 853 S.W.2d 749, 751
(Tex. App.—Houston [1st Dist.] 1993, no pet.).  It further contends that Adams’s testimony
about the weight of the drugs was sufficient, and that there was no evidence of
such a break in the chain of custody to render that evidence about weight of
the drugs unreliable.  

A.   Applicable law  

An appellate court reviews legal
and factual sufficiency challenges using the same standard of review.  See Griego v. State, 337 S.W.3d 902, 902
(Tex. Crim. App. 2011).  “Under this
standard, evidence is insufficient to support a conviction if considering all
record evidence in the light most favorable to the verdict, a factfinder could not have rationally found that each
essential element of the charged offense was proven beyond a reasonable doubt.”
 Gonzalez
v. State, 337 S.W.3d 473, 478 (Tex. App.—Houston [1st Dist.] 2011, pet. ref’d) (citing Jackson
v. Virginia, 443 U.S. 307, 319 (1979)).

B.   Analysis

The weight of the narcotics seized
is the only essential element that appellant challenges as not supported by
sufficient evidence.  Appellant was
charged and convicted of delivering one to four grams of heroin.  The weight is supported by Adams’s testimony
that the seized heroin weighed 2.7 grams. 
Appellant was charged and convicted of possession with intent to deliver
four to two hundred grams of cocaine. 
The weight is supported by Adams’s testimony that the sized cocaine
weighed 6.5 grams.  

Essentially, appellant’s argument
is that there was such a break in the chain of custody that the State failed to
demonstrate that the drugs that Adams weighed were the same drugs that were seized
from appellant.  While a break in the
chain of custody can affect the evidence’s legal sufficiency if the break
causes a complete failure of proof as to an essential element, Jones v. State, 538 S.W.2d 113, 114–15 (Tex. Crim. App. 1976), we have already concluded
in response to appellant’s first point of error that the chain of custody in
this case was adequately established.  We
thus overrule appellant’s second point of error.  

CONCLUSION  

We affirm the trial court’s judgment.

 

 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

Do
not publish.   Tex. R.
App. P. 47.2(b).











[1]           trial court cause number 1205088;
appellate cause number 01-11-00113-CR

 





[2]           trial court cause number 1205089;
appellate cause number 01-11-00114-CR