**Isaiah Bruce KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–85–00432–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 24, 1986.

Rehearing Denied May 22, 1986.

---

Clement Aldridge, Jr., Andrew L. Jefferson, Jr., Houston, for appellant.

John B. Holmes, Jr., Kathlyn Giannaula, Terry G. Wilson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

Trial was to the court on a plea of not guilty to the offense of possession of cocaine with intent to deliver; the punishment is confinement for ten years and a fine of $7,500. Issues before us are the validity of the search warrant, the refusal of the court to order a disclosure of the informant, sufficiency of the evidence, and the assessment of unauthorized punishment. We affirm the conviction and remand the case to the trial court for resentencing.

In his first ground of error appellant contends the affidavit for the search warrant is insufficient under both the state and federal constitutions. The affidavit for the search warrant recited:

I, L. Carwell do solemnly swear that heretofore, on or about the 20th day of April A.D. 1982 in the City of Houston Harris County, Texas, one black male known as Issac Bruce King and described as 6'0, approx., 30–38 years of age, slender build, and a full beard, and other persons unknown, did then and there unlawfully possess and does at this time unlawfully possess a controlled substance, to-wit cocaine—in a private residence apartment known as The Scotland Yard, located at 2250 Holly Hall #182. This apartment complex is further described as a beige brick with dark brown wood trim with beige doors in [sic] City of Houston, Harris County, Texas which said private residence is possessed, occupied, under the control and charge of a black male known as Issac Bruce King and described as 6'0, approx., 30–38 years of age, slender build, and a full beard, and other persons unknown.

MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE FOLLOWING FACTS:

On April 20th, 1982, I, L. Carwell, a special agent with the Drug Enforcement Administration received information from a confidential credible and reliable informant, who stated that a black male known as Issac Bruce King was in possession of a large quantity of cocaine for the purpose of sale. Special agent, Carwell, the affiant in this affadavit [sic] was also advised by the informant that he had been to The Scotland Yard appartment [sic] complex within the last three hours and observed a black male known as Charles in possession of a large quanity [sic] of cocaine. The informant further stated to your affiant that the appartment [sic] was under the control and charge of a black male known as Issac Bruce King, who was being visited by a black male known only as Charles, who.

was assisting Issac Bruce King in the sale of the cocaine. The informant further stated that he had been to this apartment [sic] on numerous occassions [sic] in the past and had seen Issac Bruce King in possession of cocaine for the purpose of sale.

Your affiant has received information from this informant on three prior occassions [sic] and on each of these occassions [sic], the information has proved to be true and correct concerning illegal narcotic activities.

While appellant makes a broadside attack upon the affidavit, it appears that the attack centers upon the fact that apartment number 182 is never specifically mentioned in the portion of the affidavit reciting the information Agent Carwell received from the informant. Specifically, appellant points to the recitations that the informant had been to "The Scotland Yard Apartment Complex"; that "the" apartment was under the control of Issac Bruce King; and that the informant had been to "this" apartment on numerous occasions in the past and had seen Issac Bruce King in possession of cocaine for the purpose of sale. Appellant relys upon *Heredia v. State,* 468 S.W.2d 833 (Tex.Crim.App.1971) for the proposition that the facts stated in the affidavit must be so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at the time and *Gish v. State,* 606 S.W.2d 883 (Tex.Crim.App.1980) for the proposition the facts stated must justify the conclusion that the property the subject of the search is probably on the person or the premises to be searched at the time the warrant issues. Appellant then argues that there are "no substantial facts stated in the affidavit to indicate that the cocaine was probably in the possession of King or within the confines of Apartment No. 182 at the Scotland Yard Complex at the time the search warrant issued." We believe appellant's construction of the affidavit is inconsistent with the requirement that the courts interpret such affidavits in a "common sense and realistic manner." *Rumsey v. State,* 675 S.W.2d 517, 521 (Tex.Crim.App.1984).

We believe that this construction would also prohibit the trial court from making reasonable inferences from the facts set forth in the affidavit, as is clearly authorized. *Gish,* 606 S.W.2d at 886.

Looking at the affidavit in its entirety, it appears obvious that the references to "the" apartment and "this" apartment clearly refer to apartment number 182 of the Scotland Yard Apartments as described in the beginning of the affidavit. We do not find a fatal flaw in the affidavit. Appellant's first ground is overruled.

■ In his second ground of error appellant contends the court erred in refusing to order the disclosure of the informant. Appellant recognizes the accepted rule that identification of the informant need not be disclosed unless: (1) the informant participated in the offense; (2) was present at the time of the offense or arrest; or (3) was otherwise shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged. He argues, however, that the question of appellant's intent to deliver cocaine was a central issue in the case and that the "informant's testimony would have been extremely material, relevant and helpful to the defense in showing that appellant had no intent to deliver cocaine."

We do not believe that *Bernard v. State,* 566 S.W.2d 575 (Tex.Crim.App.1978), upon which appellant relies, is on point. There it was shown by evidence from the state's witness that the informant "initiated the arrangements for the delivery of heroin." Also, in *Roviaro v. United State,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), cited in appellant's brief, it was shown that "the Government's informer was the sole participant, other than the accused, in the transaction charged." *Id.* at 630. Not one of these facts is present in the case before us.

The court of criminal appeals has held that evidence, not conjecture or speculation, is required to make the requisite showing that the identity of the informant be revealed. *Gaffney v. State,* 575 S.W.2d 537, 542 (Tex.Crim.App.1978). There is ab-

solutely no *evidence* that the informant fell within any of the three classes requiring his identity to be revealed. We refuse to speculate, as appellant does, that had the name of the informant been revealed and had the informant testified his testimony "would have been extremely material, relevant and helpful to the defense in showing that appellant had no intent to deliver cocaine." Appellant's second ground is overruled.

■ In his third ground of error appellant contends the trial court erred in admitting into evidence the packet containing 2.5 grams of cocaine because of a break in the chain of custody of the exhibit following its removal from his coat pocket. As a basis for his contention he points to the fact that the officer who actually recovered the exhibit did not positively identify it. Prior to executing the warrant the officers agreed among themselves to have Officer Cargill, one of their number, responsible for maintaining control of evidence. Officer Clarke testified he removed the cocaine from appellant's pocket and that the exhibit shown to him appeared to be the packet, but, that he could not positively so state because he did not place any identifying marks thereon. However, Officer Cargill testified that he had been designated to keep track of the evidence recovered, that he observed Officer Clarke remove the exhibit from appellant's pocket, that Clarke immediately handed the packet to him, that he placed his initials thereon, that he kept the packet in his possession until he deposited it in the chemist's lock box and that the packet exhibited to him in court was the packet removed from appellant's pocket. We disagree that there was a break in the chain of custody. Appellant's third ground is overruled.

■ In his fourth ground of error appellant contends the evidence is insufficient to sustain the conviction. Viewing the evidence in the light most favorable to the court's finding, as we are required to do, the evidence shows that some thirteen officers of the Drug Enforcement Administration and the Houston Police Department executed a search warrant for drugs in appellant's designated apartment. Appellant, dressed in a suit, answered their knock on the door. As the officers entered, they placed appellant and two other males who were inside the one-bedroom apartment under arrest. A search of appellant revealed a plastic bag containing 2.5 grams of 79.2 percent pure cocaine in his inside suit coat pocket and some six and one-half pounds of cocaine ranging from 75.6 percent to 90.5 percent purity, packaged in several individual containers in a brown paper sack, in the bottom of his wet bar. A set of "triple beam scales", described as those used in weighing drugs, and some plastic baggies were in plain view on the table. A small amount of loose white powder substance was observed on the drain board near the kitchen sink. And, cash described as "some quantity of money" and two pistols were found in the apartment. The evidence shows that appellant rented the apartment, paid the rent and paid the utilities. Further evidence from an undercover narcotic officer shows that cocaine of the purity recovered in this case would normally be "cut" or diluted one or two times which would at least double its weight and make the street value in gram packages of the "cut" cocaine in excess of seven hundred thousand dollars.

Appellant, testifying in his own behalf, stated the other two persons arrested with him were his cousins, one of whom had lived with him for some three weeks and the other (Ralph) who had just arrived some three days before the arrest. The substance of his testimony was that another person named Charles, "a partner" of Ralph's, had also come to his apartment two days prior to the arrest. He stated that Ralph had said something to him (appellant) about some cocaine, but he told Ralph he did not want any cocaine in his apartment. As to the 2.5 grams found in his coat pocket, appellant explained he had arrived home only minutes before the search, had both arms full of a supply of liquor and that Ralph placed a package in

his pocket, telling him "Charles left this for you."

As we understand appellant's argument, he contends that the only evidence which would circumstantially show an intent to deliver is the large quantity of cocaine in the paper bag. Appellant reasons that since he denied he knew it was there, the only evidence which would circumstantially link him to it would be the 2.5 grams found in his pocket. But, appellant reasons, this inference is impermissible because of the circumstances under which, according to his testimony, the cocaine was placed in his pocket. He alleges he did not knowingly exercise control over the 2.5 grams, because the package was placed in his pocket by someone else and he did not know it was cocaine. We are not impressed with this reasoning. While this was proper reasoning to advance before the trier of fact, we are not at liberty to so view the evidence. We are bound to view the evidence in the light most favorable to the finding of the trial court. Further, the trial court was not obligated to accept as true appellant's version of the facts and it is obvious that he did not do so. Finally, the burden was not on the state to prove appellant had the exclusive possession of the drug. On the evidence submitted the court was authorized to conclude the drug was jointly possessed. The fourth ground is overruled.

In his fifth ground appellant complains that the fine of $7,500 assessed is unauthorized. The state agrees and so do we. The decision in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Crim.App.1983) invalidated the statute authorizing the assessment of a fine in addition to punishment. While Tex. Code Crim.Proc.Ann. art. 37.10(b) (Vernon Supp.1986) passed by the last session of the legislature authorizes the appellate court to reform the sentence by deleting an unauthorized punishment assessed by the *jury*, it does not authorize same where the punishment was assessed by the court, as was done here. In accordance with *Ex parte Johnson*, 697 S.W.2d 605 (Tex.Crim.App. 1985), we remand this case to the trial court for a new punishment hearing.

The judgment of conviction is affirmed. However, we remand the case to the trial court for the purpose of conducting a new punishment hearing.

It is so ordered.