**Kevin James SNEED, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–93–031–CR.**

Court of Appeals of Texas, Fort Worth.

May 10, 1994.

Dennis Guffey, Arlington, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section, Francine Y. Lyles, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, Kevin James Sneed, was convicted by the court of the offense of possession of a controlled substance, namely cocaine, of less than twenty-eight grams. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.-112(a) (Vernon 1992). The court assessed punishment at fifty years confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal Sneed raises two points of error contending: (1) the trial court erred in overruling his objection to the admission of the physical evidence of the capsule containing cocaine and the needle cap; and (2) there is insufficient evidence to prove that he knowingly possessed a controlled substance.

We affirm.

On April 15, 1992 at around noon, Fort Worth Police Officers Donald Carter and D.A. Cloninger were on routine patrol when they saw a car with a broken back vent window and two occupants not wearing seat belts. The officers turned and followed the car, and it pulled over after eight to ten blocks. After the car stopped, Officer Carter removed the driver from the car, searched him, and placed him in the patrol car. Officer Cloninger removed the passenger, who was later identified as Sneed, from the car.

Sneed bolted and ran, with Officer Cloninger following on foot and Officer Carter following in the patrol car. Sneed doubled back to his car and attempted to drive away in it, but was blocked by Officer Carter's patrol car. Sneed then fled on foot again, with Officer Carter following on foot. Sneed entered a welding shop, and Officer Carter followed him into the shop. Officer Carter testified that when he entered the building, Sneed turned, removed something from his right pocket and attempted to place it in his mouth. A capsule containing a white powder and an orange needle cap fell to the floor at Sneed's feet. Officer Carter then arrested Sneed and retrieved the capsule and needle cap from the floor. When Officer Cloninger entered the building, Officer Carter turned the capsule and needle cap over to him. The content of the capsule was later identified as cocaine.

In his first point of error, Sneed asserts the trial court erred in overruling Sneed's objection to the admission of the physical evidence of the capsule containing cocaine and the needle cap on the basis that the proper foundation was not laid by the State because the chain of custody of the evidence was not properly maintained. Sneed argues that because Officer Carter was the person who saw the cocaine thrown down and who picked it up off the floor, the predicate for admission of the evidence must be established with him, and not with Officer Cloninger, who was the second person to have custody of the cocaine. At trial, Officer Carter first testified about the throw-down and recovery of the evidence and that he gave the capsule and needle cap to Officer Cloninger. He did not identify the evidence at the trial. Officer Cloninger then testified he did not see Officer Carter retrieve the capsule and needle cap, that he received the evidence from Officer Carter when he arrived at the site of the arrest, and that he sealed this evidence in an envelope and initialed it. He identified the evidence as a predicate for its admission. A Fort Worth Police Department criminologist later picked up the sealed evidence envelope, tested the contents, determined it was cocaine, and resealed the envelope. Generally, tagging an item of physical evidence at the time of its seizure and then identifying it at trial based upon the tag is sufficient for admission barring any showing by the defendant of tampering or alteration. *Stoker v. State*, 788 S.W.2d 1, 10 (Tex.Crim.App.1989), *cert. denied*, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990).

Sneed relies on two cases, *Jones v. State*, 538 S.W.2d 113 (Tex.Crim.App.1976), and *King v. State*, 710 S.W.2d 110 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd), *cert. denied*, 484 U.S. 829, 108 S.Ct. 99, 98 L.Ed.2d 59 (1987), for his assertion that the chain of custody was not established. In our view, neither case supports Sneed's argument. In *Jones*, the sole arresting officer failed to identify the evidence at the trial. Thus, there was no direct link between the evidence tested and the defendant. *Jones*, 538 S.W.2d at 114. In *King*, the court held that there was no error in the chain of custody when the police officer who actually removed the cocaine from the defendant's pocket failed to positively identify the exhibit at trial. *King*, 710 S.W.2d at 113. Another police officer who was responsible for control of the evidence testified to having personally observed the first police officer remove the evidence from the defendant's pocket and immediately hand the evidence to him. *Id.* The only difference between the facts of *King* and the subject case is the lack of personal observation by the officer controlling the evidence. The *King* court did not state that the personal observation of the second officer was necessary to its holding, and we decline to read such a requirement into that holding. In our view, the combined testimony of Officers Carter and Cloninger sufficiently establishes the chain of custody. Officer Carter first testified that the cocaine was dropped by Sneed and that he recovered it and handed it to Officer Cloninger. Officer Cloninger then testified that he received the cocaine capsule from Officer Carter just moments after the arrest, that he placed it in an envelope and initialed it, and that the evidence at trial was the same as that seized from Sneed. *See Blackmon v. State*, 830 S.W.2d 711, 713 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). We hold the trial court did not err by its admission of the

cocaine capsule and needle cap because the State properly laid the predicate for admission of the evidence. Point of error one is overruled.

Sneed argues in his second point of error that the evidence at trial was insufficient to prove he knowingly possessed a controlled substance as alleged by the indictment. He argues that because the controlled substance was found in a place not in his exclusive control and possession, there must be independent facts and circumstances linking him to the controlled substance. Where a defendant is charged with possession of a controlled substance, the State must prove that the defendant exercised care, control, and management over the contraband and that he knew the object he possessed was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App.1988). Factors that support knowing possession include possession of other contraband, narcotics paraphernalia, or cutting agents, attempted destruction of the contraband, delivery of the contraband, or a judicial confession by the defendant. *Garner v. State*, 848 S.W.2d 799, 801 (Tex.App.—Corpus Christi 1993, no pet.).

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App. 1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g), *overruled on other grounds, Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Urbano v. State*, 837 S.W.2d 114, 115 (Tex.Crim.App.1992); *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The judgment may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Urbano*, 837 S.W.2d at 115–16; *Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App. 1991). The standard for review is the same for direct and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 158–62 (Tex. Crim.App.1991). For reviewing circumstantial evidence in cases tried after November 6, 1991, we no longer use the outstanding reasonable hypothesis theory. *Id.* at 161.

Here, Officer Carter testified that he saw Sneed take the cocaine capsule out of his pocket and throw it on the floor. Officer Carter then immediately arrested Sneed and picked up the cocaine capsule from the floor. This is not a case where the contraband was merely on the premises or in the vicinity of the defendant. Sneed was observed actually having possession of the cocaine and attempting to dispose of the cocaine by dropping or swallowing it. Other courts of appeals have found this evidence sufficient to support a conviction. *See Blackmon*, 830 S.W.2d at 714; *Nelms v. State*, 834 S.W.2d 110, 114 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *Raleigh v. State*, 740 S.W.2d 25, 28 (Tex.App.—Houston [14th Dist.] 1987, no pet.). We hold that there was sufficient evidence to prove that Sneed knowingly possessed a controlled substance. Point of error two is overruled.

The judgment of the trial court is affirmed.