NUMBER
13-00-040-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

                                                                                                                          
                  

FAITE WILLIAMS,                                                               Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

                                                                                                                                                

                                                              

                                On appeal from the 212th District
Court 

                                         of Galveston County, Texas.

                                                                                                                                        
       

 

O P I N I O N

 

                         Before Justices
Hinojosa, Yañez, and McCormick[1]

                                            Opinion
by Justice Yañez               

 








A jury found appellant, Faite Williams, guilty of possession of a
controlled substance, less than one gram of cocaine, and the court assessed
punishment at one year confinement in a state jail.  Appellant asserts two points of error.  He first contends that the State failed to
establish a chain of custody for the cocaine, and therefore erred in admitting
it as evidence.  Secondly, appellant
contends that without the cocaine, the evidence is legally insufficient to support
a finding of guilt.   We affirm.

On February 26, 1998, officers from the Dickinson
Police Department in Galveston County executed a narcotics search warrant at
appellant=s
apartment.  Sergeant Moreno organized the
search and assigned Officer Coffman to gather evidence and Officer Lynch to
handle the narcotics canine.  At the time
of the search, two females were in the apartment with appellant.  After officers forced the door open and
detained the three occupants, Officer Lynch entered the apartment with the
canine to perform a narcotics sweep. 
According to Officer Lynch=s testimony, the canine alerted to narcotics in
various areas of the apartment.  

Based on the locations where the canine alerted,
Officer Coffman searched for and retrieved drug paraphernalia, along with three
rocks of crack cocaine.  He placed the
cocaine in a brown bag and labeled the bag with his name.  He then gave it to Sergeant Moreno.  In Officer Coffman=s presence, Sergeant Moreno conducted a field test
and confirmed that the rocks were cocaine. 
Sergeant Moreno testified that he labeled the evidence bags with his
name and took the evidence to the Dickinson Police Department, where it was
placed in an evidence locker.

          Dottie
Collins, a crime lab chemist with the Texas Department of Public Safety in
Houston, Texas, testified that she received the cocaine evidence, which was
designated as State=s exhibit 10, from AOfficer A. McGaughey@ on November 30, 1998.[2]  She stated that she weighed it, tested it and
found it positive for cocaine.  According
to her testimony, her records show that Officer Lynch picked up the evidence on
April 6, 1999.   








At trial, Collins, Moreno and Coffman each readily recognized exhibit 10
by the unique markings each put on the exhibit at the time of contact with
it.  They each also stated that exhibit
10 did not appear to be tampered with. 
No evidence was offered to the contrary. 

In point of error one, appellant argues that the trial court erred in
admitting the cocaine into evidence on the ground that the State failed to
establish the proper chain of custody. 
The trial court's ruling on the admission of evidence will not be
overturned absent a clear abuse of discretion.  Moreno v. State, 858 S.W.2d 453, 463 (Tex.
Crim. App. 1993).  Before physical
evidence is admitted, it must be identified by "evidence sufficient to
support a finding that the matter in question is what its proponent
claims." Tex. R. Evid. 901(a).  This can be accomplished by testimony from a
witness with knowledge that an item is what it is claimed to be.  Id.   

If a substance is properly identified, most questions concerning care
and custody go to the weight given the evidence and not to its admissibility,
absent a showing that the substance was tampered with or changed.  Medellin v. State, 617 S.W.2d 229, 232
(Tex. Crim. App. 1981); Alvarez v. State, 857 S.W. 2d 143, 147 (Tex.
App.BCorpus Christi 1993,
pet. ref=d).  The court of criminal appeals has held that, Atagging an item of
physical evidence at the time of its seizure and then identifying it at trial
based upon the tag is sufficient for admission barring any showing by the
defendant of tampering or alteration.@  Stoker v. State, 788 S.W. 2d 1, 22
(Tex. Crim. App. 1989); Sneed v. State, 875 S.W.2d 792, 794 (Tex. App.BFort Worth 1994, no
pet.).   








In the case before us, appellant argues there is no link between the
substance seized and the cocaine presented in trial and that there is no
testimony regarding what occurred with the seized substance.  He thus contends that neither the beginning
nor the end of the chain of custody was established.  We disagree.

Officer Lynch testified that his canine alerted to a tissue paper on the
kitchen table before any of the officers conducted a search.  Sergeant Moreno testified that the cocaine
was found on the kitchen table wrapped in tissue after they searched the area where
the canine alerted.  Officer Coffman
later testified that he retrieved the cocaine and placed it in the brown bag
identified as State=s exhibit 10, then
handed it to Sergeant Moreno.  At trial,
both Coffman and Moreno testified that they recognized exhibit 10 as the
evidence handled at appellant=s residence the day of
the search.  Each officer recognized his
own handwriting on the brown bag and Officer Coffman further recognized the
contents of the brown bag as being the cocaine seized.  This affirmatively establishes the beginning
of the chain of custody.  








Appellant argues that there is no evidence showing
that the substance collected by Officer Lynch is the same introduced in
trial.  This argument is without
merit.  The record does not reflect that
Officer Lynch collected any evidence. 
He, in fact, testified that he did not collect evidence and that his
sole role in the search of appellant=s residence was handling the canine and informing
the officers as to where the canine alerted. 
Officer Coffman, on the other hand, testified that he retrieved exhibit
10 and Aput
it into evidence.@  Coffman
asserted that he recognized State=s exhibit 10 by his handwriting on the brown bag
and identified the contents as being Athree rocks or - - all white substance.@  He also
stated that exhibit 10 did not appear to be tampered with.  The tagging of the evidence at the time of
its seizure by Officer Coffman and the subsequent identification of the evidence
by Officers Coffman and Moreno by recognition of their handwriting and markings
on exhibit 10 are sufficient to support admission of the evidence.  

Appellant further argues that there is no evidence showing how the
contents of exhibit 10 got to the chemist or who placed the cocaine in the
envelope within the brown bag.  Collins
testified that her records showed Officer A. McGoughey delivered exhibit 10 to
her for testing.  She testified that
after testing the substance, she placed the contents of the bag in the original
container, sealed it, dated it, initialed it and placed it in a vault.  She further stated that exhibit 10 did not
appear to be tampered with and that she recognized it by its unique laboratory
case number and her initials.  

Although the record fails to more specifically identify Officer A.
McGoughey, and also fails to establish who placed the seized substance inside
the envelope within the brown bag, we find this to be a brief break in the
chain of custody, which goes to the weight of the evidence rather than its
admissibility.  See Alvarez, 857
S.W.2d at 147.  The State satisfies the
crucial requirement of rule 901(a) by the testimony of Coffman and Collins, who
testified that the evidence is what the State says it is.  See Moore v. State, 821 S.W.2d
429, 431 (Tex. App.BWaco 1991, no
pet.).   

The chemist=s testimony, paired with
that of Moreno and Coffman, establishes the degree of security and evidentiary
integrity to justify admission of exhibit 10. 
See Stone v. State, 794 S.W.2d 868, 870 (Tex. App. B El Paso 1990, no
pet.).  Because appellant failed to
introduce any indication that the evidence was changed or tampered with, we
find the trial court properly admitted the cocaine.  We overrule point of error number one.  








In point of error number two, appellant contends that absent the
admission of the cocaine into evidence, the evidence is legally insufficient to
support a finding of guilt. 
Specifically, appellant contends the evidence is insufficient to
establish that the substance admitted into evidence at trial was in fact, the
substance seized at appellant=s residence.  Appellant fails to adequately distinguish
this argument from the first and consequently, the merit of point of error two
relies on a finding that the trial court improperly admitted the cocaine.  Because we find the cocaine was properly
admitted, we further find that point of error two is without merit.  We overrule point of error two.

The judgment of the trial court is affirmed.

 

                                                   
                                             

        LINDA REYNA YAÑEZ

       Justice

 

 

 

Do not
publish.  Tex. R. App. P. 47.3.

 

Opinion
delivered and filed this the

22nd day of
August, 2002.

 











[1]Retired
Judge Michael J. McCormick assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov=t Code Ann. '
' 74.003 and
75.002 (Vernon 1998).





[2] Officer
McGaughey is not more specifically identified in the record.