**Kenneth Eugene CRANFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–03–00210–CR.

Court of Appeals of Texas, Dallas.

Dec. 3, 2003.

Rehearing Overruled Feb. 2, 2004.

Laurie Ewing, Dallas, for appellant.

John R. Roach, Collin County District, M. Emily Johnson–Liu, McKinney, for state.

Before Chief Justice THOMAS and Justices JAMES and FITZGERALD.

## OPINION

Opinion By Justice FITZGERALD.

Kenneth Eugene Cranford was convicted of possession of less than one ounce of cocaine. Cranford appeals his sentence, assessed by the trial court, of ten years' confinement plus mandatory enrollment in the Substance Abuse Felony Program ("SAFP").[1] In a single point of error, Cranford argues the sentence is void because it deviates from the range of punishment authorized by statute for his offense. The State concedes there is no express authority for the sentence imposed. Accordingly, we sustain Cranford's point of error.

The practical issue on which the parties disagree concerns the appropriate remedy for the sentencing error. The State argues that when the trial court imposes both an unauthorized and an authorized sentence, we should simply strike the unauthorized portion of the sentence and affirm the judgment as modified. The State would have us strike the SAFP portion of the sentence and affirm the ten-year term of imprisonment. In making this argument, the State relies on article 37.10 of the code of criminal procedure, which directs the trial court to reform a jury's inappropriate verdict in this fashion. *See* TEX.CODE CRIM. PROC. ANN. art. 37.10(b) (Vernon Supp.2004).

However, Cranford argues against application of article 37.10(b) when the unauthorized sentence was assessed by the trial court rather than the jury. Cranford relies on *King v. State,* 710 S.W.2d 110, 114 (Tex.App.-Houston [14th Dist.] 1986, pet ref'd), in which the trial court assessed an unauthorized fine along with a term of imprisonment. The court of appeals declared that

> [w]hile [article 37.10(b),] passed by the last session of the legislature[,] authorizes the appellate court to reform the sentence by deleting an unauthorized punishment assessed by the *jury,* it does not authorize same where the punishment was assessed by the court, as was done here.

*Id.* (emphasis in original). Accordingly, the court of appeals in *King* remanded the case to the trial court for a new punishment hearing. Likewise, in *Busselman v. State,* 713 S.W.2d 711, 713 (Tex.App.-Houston [1st Dist.] 1986, no pet.), the court remanded the cause for a new punishment hearing when the trial court had assessed an unauthorized jail sentence.[2] We agree with the analysis of the Houston Courts.

In Cranford's case, the combination of a term of imprisonment plus confinement in the community-supervision SAFP program yielded an unauthorized sentence. Because that sentence was assessed by the trial court, we reverse the trial court's judgment and remand the case for a new punishment hearing. *See* TEX.CODE CRIM. PROC. art. 44.29(b).

---

**1.** Cranford's punishment was enhanced by two prior non-state jail felonies.

**2.** The State does not address *King*. The State would limit application of *Busselman* to cases in which the trial court assesses an unautho-

rized jail sentence, but *Busselman* speaks to an unauthorized punishment generally. *See id.* We see no reason to limit its application in this fashion.