Opinion issued April 12, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00057-CR

———————————

ARMANDO
RENE CASAS, Appellant

V.

THE STATE
OF TEXAS, Appellee



 



 

On Appeal from the 177th District Court

Harris County, Texas



Trial Court Case No. 1280896

 



 

MEMORANDUM OPINION

          A
jury convicted Armando Rene Casas of possession of a controlled substance,
namely cocaine, weighing less than one gram and sentenced him to seven years’
confinement as a habitual offender.[1] Appellant raises two issues
on appeal, contending that the trial court erred in denying his request for a
jury instruction on the lawfulness of his arrest and in overruling his
chain-of-custody objection. 

We affirm.

Background

Houston Police Department (HPD)
officers J. Deleon and J. Wright responded to a call of disorderly conduct and
public intoxication outside of a convenience store. Officer Wright, arriving
first on the scene, noticed a man—later identified as Casas—talking to
the clerk outside the store, “possibly taunting him.” Officer Deleon, arriving
second on the scene, also observed Casas “yelling at the store clerk, with his
hands waiving, pointing the finger at him.” Both officers testified that Casas
appeared intoxicated: he smelled of alcoholic beverage, his speech was slurred,
and a partially-consumed jug of wine was located nearby. They described his
behavior as combative toward them. 

Officer Wright explained that Casas
“did not want to cooperate . . . . He had some food there he was trying to eat.
But he would not address [Officer Wright], generally, like a reasonable person
would . . . .” Officer Deleon further explained that they “tried to diffuse the
situation at first, kind of – or attempt[ed] to get
him to go on his way, go home, or go somewhere other than bother the store
clerk and other patrons of the little strip center. When he would not – and
when he became combative with us, it was apparent for his safety and our’s and everybody else, [it was] best just to arrest him
for public intoxication.”  

When Officer Wright placed Casas in
handcuffs, Casas immediately went limp. Medical personnel were called to the
scene to determine whether Casas needed medical attention. After it was determined
that Casas did not need medical care, Casas became physically combative,
kicking his legs and spitting at the officers. The officers placed Casas in the
back of Officer Deleon’s patrol car using leg restraints. Upon running Casas’s name “through the system,” the officers discovered three
outstanding warrants. They transported Casas to jail.

At intake, jailers searched Casas’s person. When an unidentified jailer removed Casas’s left sock, Officers Deleon and Wright, who were
observing the search, saw a small baggie fall to the ground. The jailer immediately
picked up the baggie, which was clear in color and covered with yellow “Batman”
decals, and handed it to Officer Deleon. Office Deleon field-tested the
substance in the baggie and determined it was cocaine. He then “tagged” the
baggie into evidence. An HPD criminalist later confirmed the results of Officer
Deleon’s field test.  

Article 38.23 Instruction

In his first issue, Casas complains
about the trial court’s denial of his request for a jury instruction on the
lawfulness of his arrest under article 38.23 of the Code of Criminal
Procedure.  See Tex. Code
Crim. Proc. Ann. art. 38.23(a) (West 2005). 
Casas argues he was entitled to the instruction because Officer Deleon’s
and Wright’s “inconsistent accounts” of Casas’s
pre-arrest behavior created a fact issue as to whether probable cause existed to
arrest him for public intoxication. The State responds that Casas failed to
request an article 38.23 instruction on specific disputed facts and cannot
satisfy Almanza’s
“egregious harm” standard for unpreserved error. See Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1985) (op. on reh’g), superseded on other grounds by rule as
stated in Rodriguez v. State, 758 S.W.2d 787, 788 (Tex. Crim. App. 1988). We
agree. 

          The Code of Criminal Procedure
requires the trial court to deliver to the jury a written charge “distinctly
setting forth the law applicable to the case.” 
Tex. Code Crim.
Proc. Ann. art. 36.14 (West 2007). 
Article 38.23 states:

No evidence obtained by an officer or other person in
violation of any provisions of the Constitution or laws of the State of Texas,
or of the Constitution or laws of the United States of America, shall be
admitted in evidence against the accused on the trial of any criminal case. 

 

In any case where the legal evidence raises an issue
hereunder, the jury shall be instructed that if it believes, or has a
reasonable doubt, that the evidence was obtained in violation of the provisions
of this Article, then and in such event, the jury shall disregard any such
evidence so obtained.

 

Tex. Code. Crim. Proc. Ann. art. 38.23(a).  There must be a genuine dispute about a
material fact issue before an article 38.23 instruction is warranted.  Madden
v. State, 242 S.W.3d 504, 510 (Tex. Crim. App.
2007).  The defendant must demonstrate
that:  (1) the evidence heard by the jury
raises an issue of fact, (2) the evidence on that fact is affirmatively contested,
and (3) the contested factual issue is material to the lawfulness of the challenged
conduct in obtaining the evidence.  Id.; Mbugua v. State, 312 S.W.3d 657, 669 (Tex. App.—Houston [1st Dist.] 2009,
pet. ref’d). If there is no disputed issue of
material fact, the legality of the challenged conduct is a question of law for
the trial court.  Madden, 242 S.W.3d at 510; Mbugua, 312 S.W.3d at 669. And, if other undisputed facts
are sufficient to establish the lawfulness of the conduct, the contested
factual issue is not material and the defendant is not entitled to a jury
instruction on the fact issue. See Madden,
242 S.W.3d at 510−11.   

           Casas was required to request an article 38.23
instruction on the specific historical facts he believed were in dispute. Id. at 511−12 (holding that defendant was not
entitled to jury instruction regarding whether officer had reasonable suspicion
to detain appellant, because “[l]ooking just at
appellant’s requested jury instruction, neither the trial judge, the court of
appeals, nor ourselves could have any idea of what specific fact or facts appellant
believed were in dispute”). Casas’s
defense counsel only made the following request: 

The defense,
Your Honor, would request a probable cause instruction, definition of public
intoxication, arguing that there’s a question as to whether or not the officers
had probable cause in this case to arrest [Casas] on public intoxication,
arguing that the officers did not articulate how [Casas] was a danger to
himself and others. I believe the jury should consider that in determining
their credibility. 

 

He did not inform the trial court that
he was requesting an instruction under article 38.23, and he did not specify
any historical facts the jury should determine. Instead, defense counsel argued that neither officer
had articulated facts establishing probable cause for making a public
intoxication arrest and, consequently, the jury could find the officers not
credible. Absent any specific dispute as to historical facts, however, the determination
of whether probable cause existed was one for the trial court, not one for the
jury under article 38.23. See id. at
511 (noting that trial judge decides what “quality and quantum” of facts are
necessary to establish legal terms of art like “reasonable suspicion” or
“probable cause” and that trial judge asks jury to decide whether officer’s
belief in those facts was reasonable only if one or more necessary facts is
disputed); Garza v. State, 126 S.W.3d
79, 85 (Tex. Crim. App. 2004) (“That appellant disagrees with the conclusion that probable cause was shown
as a matter of law is not the same as appellant controverting the facts.”) (emphasis
in original, internal quotation omitted); Bell
v. State, 938 S.W.2d 35, 48 (Tex. Crim. App. 1996) (explaining that
determination of probable cause to arrest is legal issue when there are no disputed
issues of fact). Thus, Casas did not properly request an article 38.23
instruction.  

Because
Casas did not properly request an article 38.23 instruction, any potential
error in the charge should be reviewed only for “egregious harm.” Madden, 242 S.W.3d at 513 (citing Almanza, 686
S.W.2d at 171). But there was no error here. Even assuming Officers Deleon and
Wright gave “inconsistent accounts” of Casas’s
pre-arrest behavior, any factual dispute arising from their testimony was
immaterial. 

Casas
does not dispute that his behavior outside the convenience store gave the officers
reason to investigate him or that the officers discovered valid, outstanding
warrants for his arrest before transporting him to jail. Neither does Casas dispute
the lawfulness of an arrest on those warrants. Because the baggie was
discovered on Casas’s person after the warrants were
discovered and he was transported to jail, the cocaine was obtained subsequent
to and pursuant to a lawful arrest, not in violation of the law. See Sims v. State, 84 S.W.3d 805, 810
(Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding
that discovery of outstanding warrants during illegal detention sufficiently
attenuated evidence from violation of law and determining that evidence was
obtained as result of lawful arrest on warrants). On this record, the trial
court did not err by omitting an article 38.23 instruction from the charge
because any factual dispute as to whether the officers had probable cause to
arrest Casas for public intoxication was not material. See Madden, 242 S.W.3d at 510−11. 

We overrule Casas’s first issue.

Chain of Custody

          To support the admission of
evidence, the State was required to prove the beginning and the end of its
chain of custody. Caddell v. State, 123 S.W.3d 722, 727 (Tex.
App.—Houston [14th Dist.] 2003, pet. ref’d). Casas complains
in his second issue that the trial court erred by admitting State’s Exhibit 1,
the baggie of cocaine found on his person during the search conducted at the
jail after his arrest, without a showing of the proper evidentiary predicate. Specifically,
Casas argues that the State failed to establish the beginning of its custody
chain because it did not identify the “seizing officer,”—the jailer who performed the intake search. The
sufficiency of the State’s evidentiary predicate was a matter for the trial
court’s discretion; we will affirm unless the trial court abused that
discretion. Smith v. State, 683
S.W.2d 393, 405 (Tex. Crim. App. 1984); Foster
v. State, 101 S.W.3d 490, 498 (Tex. App—Houston [1st Dist.] 2002, no pet.).


          Casas
incorrectly assumes that the predicate for the admission of State’s Exhibit 1
must be established by the jailer who first picked the baggie up off the floor,
and not by Officer Deleon, who was the second person to have custody of the
baggie. “Generally, tagging an item of physical evidence at the time of its
seizure and then identifying it at trial based upon the tag is sufficient for
admission barring any showing by the defendant of tampering or alteration.” Sneed v. State, 875 S.W.2d 792, 794
(Tex. App.—Fort Worth 1994, no writ) (citing Stoker v. State, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989)). Applying
this principle in King v. State, our
sister court of appeals declined to find a break in the chain of custody of a
packet containing cocaine where the exhibit was not positively identified at
trial by the police officer who removed the cocaine from the defendant’s pocket,
but by a second officer who immediately gained custody of the cocaine after
observing the first officer seize it from the defendant. 710
S.W.2d 110, 113 (Tex. App.—Houston [14th Dist.] 1986, writ ref’d).


The record in this case similarly
does not show that a break in the chain of custody defeats the admissibility of
State’s Exhibit 1. Like the second officer in King, Officer Deleon personally observed the seizure of the
evidence; he witnessed the baggie of cocaine fall from Casas’s
sock to the floor during the intake search. The jailer performing the search
immediately retrieved the baggie from the floor and handed it to Officer Deleon.
Officer Deleon received the baggie and field-tested its contents. After
determining the baggie contained cocaine, Officer Deleon “tagged” the baggie into
evidence. Azell Carter, an HPD criminalist, explained
that he analyzed the substance in the baggie tagged by Officer Deleon and
confirmed it was cocaine. Officer Deleon testified that he retrieved the baggie
from storage and carried it to the trial court for admission as evidence. Thus,
the chain-of-custody testimony presented by the State established that State’s
Exhibit 1 was the same baggie of cocaine seized from Casas, tested by the HPD
criminalist, and introduced at trial. Accordingly, we hold the trial court did
not abuse its discretion in admitting State’s Exhibit 1 over Casas’s chain-of-custody objection. 

We overrule Casas’s
second issue. 

Conclusion

          Having
overruled both of Casas’s issues on appeal, we affirm
the trial court’s judgment.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

Do
not publish. Tex. R.
App. P. 47.2(b).

 











[1]
          See Tex. Health & Safety
Code Ann. § 481.115(a), (b) (West 2010); see also Tex. Health &
Safety Code Ann. § 481.102(3)(D) (West 2010).