

# IN THE
# TENTH COURT OF APPEALS

No. 10-11-00229-CR

**KEITH LANCE WILLIAMS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 87th District Court
Freestone County, Texas
Trial Court No. 10-044-CR

## MEMORANDUM OPINION

Following a plea bargain in which Appellant Keith Lance Williams pleaded guilty to robbery, a trial to the court on punishment was held. The evidence shows that Williams robbed a convenience store of approximately $3,000.

After hearing the evidence, the trial court orally pronounced Williams's sentence as follows: "I'm sentencing you to 20 years in the Texas Department of Criminal Justice. If he [Williams] will advise the State where he hid the money, and the full amount of the money is returned to the victim, then I will reduce that sentence to 18 years." The

trial court's judgment states a punishment of confinement for twenty years in the Institutional Division of the Texas Department of Criminal Justice.

In his sole issue, Williams contends that the trial court imposed an unauthorized alternate sentence and that the judgment is thus void and should be reversed and the case remanded for a new punishment hearing. The State contends that Williams failed to object to the alternate sentence in the trial court and thus preserve his issue for appeal. But a "void" or "illegal" sentence is one that is not authorized by law and may be raised for the first time on appeal. *See Ex parte Pena*, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002); *Levy v. State*, 818 S.W.2d 801 (Tex. Crim. App. 1991); *see also Mizell v. State*, 119 S.W.3d 804, 806 & n.6 (Tex. Crim. App. 2003) ("Unlike most trial errors which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence.").

Generally, a defendant's sentence must be pronounced orally in his presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2012); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135; *see* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (West Supp. 2012). When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500; *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Madding*, 70 S.W.3d at 135; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

In this case, there is a conflict between the oral pronouncement and the written judgment. Typically, the "solution in those cases in which the oral pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced." *Thompson*, 108 S.W.3d at 290. That leads us to address the validity of the imposition of an alternate sentence, and Texas law is clear: "A trial court is without authority to impose alternative sentences." *Morris v. State*, 301 S.W.3d 281, 296 (Tex. Crim. App. 2009).

Because the trial court's alternate (or alternative) sentence is not authorized, the sentence and judgment must be reformed. We cannot reform it because the trial court, rather than the jury, assessed the unauthorized sentence. *See Cranford v. State*, 124 S.W.3d 811, 812 (Tex. App.—Dallas 2003, pet. ref'd) (citing TEX. CODE CRIM. PROC. ANN. art. 37.10(b)); *King v. State*, 710 S.W.2d 110, 114 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd) (same). Accordingly, we sustain Williams's sole issue, reverse the trial court's judgment, and remand this case to the trial court for a new punishment hearing.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Chief Justice Gray dissents with a note)*
Reversed and remanded
Opinion delivered and filed December 20, 2012
Do not publish
[CR25]

       *(Chief Justice Gray dissents to the Court's reversal of the trial court's judgment. A separate opinion will not follow. He notes, however, that the trial court's error is harmless because the judgment signed is a valid judgment and is one of the "alternatives" pronounced in open court. Thus, while in some circumstances a new punishment hearing is necessary if we are unable to divine what the trial court's valid judgment would be, this is not one of those circumstances. We need not remand this proceeding and require the county to incur the cost, including transporting the defendant back to the county and having him represented by counsel, when the error in the pronounced judgment is made harmless. I would not hold that Art. 37.10(b) is implicated in this case, which should be nothing more than the straightforward application of the harmless error analysis. TEX. R. APP. P. 44.2(b).)