

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00053-CR

_____

CHESTER BENTLEY WILLIAMS JR., Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1591502D

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

A jury convicted Chester Bentley Williams Jr. of possession of a controlled substance less than one gram, found the allegations in an enhancement notice true, and assessed punishment at nine years' confinement. In his sole issue on appeal, Williams challenges the sufficiency of the evidence to support his conviction. We affirm.

## BACKGROUND

Four Fort Worth Police Department plainclothes officers conducted surveillance of a house at which they suspected narcotics sales were occurring. The police had been observing the house for a couple of weeks and had previously intercepted a sale from that house. On the day of the offense, the officers watched Williams approach the right-hand side of the house, where they believed the sales were occurring, and then leave again within 30 to 45 seconds. They decided to contact Williams because of their prior history with the house and because Williams's conduct in approaching and then leaving the house within a very short period of time was consistent with a narcotics sale. The officers waited until Williams had walked a few blocks from the house before pulling up in their unmarked car and intercepting him. The officers stopped Williams about a minute after he left the house.

Two officers got out and two remained in the car. One of the officers who remained in the car, Officer Castillo, knew from experience that suspects use a very simple and quick gesture to discard narcotics. For this reason, he watched Williams

2

"intensely." As Officer Tiliacos was identifying himself to Williams and showing him his police badge, Officer Castillo saw Williams toss an object away with an "under backhand" motion. Officer Castillo watched the object from the time it left Williams' hand until it landed on the ground.

Officer Castillo immediately got out of the car and instructed Officer Tiliacos to detain Williams. He then told a third officer, Officer Thongrivong, where to find the object Williams had discarded. Officer Thongrivong found a pea-sized opaque rock-like object where Officer Castillo had indicated, in an area of dirt and low grass. Forensic testing later confirmed that the object was less than a gram of crack cocaine.

None of the officers photographed the cocaine before Officer Thongrivong picked it up. Officer Tiliacos explained that narcotics unit officers do not wear body cameras because they do not want to photograph undercover agents. He and Officers Castillo and Thongrivong each testified that they could have used their personal cell phones to photograph the cocaine, but they chose not to. Officer Tiliacos explained that photographing the cocaine would not have affected the investigation at all—"[a] crime had occurred and we made an arrest for it."

## SUFFICIENCY OF THE EVIDENCE

### A.   Standard of Review

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*,

443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Queeman*, 520 S.W.3d at 622. We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Murray*, 457 S.W.3d at 448–49.

## B.    Elements of the Offense

"[A] person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1," which includes cocaine. Tex. Health & Safety Code Ann. § 481.102(3)(D) (including cocaine in Penalty Group 1); § 481.115(a) (defining offense of possession). To prove the offense of possession of a controlled substance, the State must establish that the accused exercised care, control, and management over the contraband, and that he knew that the matter

4

possessed was contraband. *Guiton v. State*, 742 S.W.2d 5, 8 (Tex. Crim. App. 1987). Whether these matters are proved by direct or circumstantial evidence, the evidence must affirmatively link the accused to the contraband. *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 n.32 (Tex. Crim. App. 2015).

## C.    Evidence Supporting the Conviction

Williams contends that the evidence is insufficient to support his conviction "because there is no evidence, *other than discredited testimony from the officers*, that links [Williams] to the cocaine." [Emphasis added.] This argument ignores the applicable standard of review, which requires that we view the evidence in the light most favorable to the jury's verdict and prohibits us from re-evaluating the credibility of the witnesses or the weight to be given their testimony. *See Queeman*, 520 S.W.3d at 622; *see also Poindexter*, 153 S.W.3d at 406 (applying these principles to affirmative links sufficiency review).

Williams's argument does not acknowledge the "affirmative links" evidence that was presented to the jury. Instead, it focuses on the lack of evidence of other potential affirmative links. For example, Williams argues that he was not under the influence of drugs when the officers intercepted him, he did not make any incriminating statements or attempt to flee, and he did not possess any large amounts of cash. But "[t]he absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present." *James v. State*,

5

264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (citing *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976)).

Williams was affirmatively linked to the cocaine found on the ground by the testimony of Officer Castillo, who saw Williams surreptitiously discard an object when another officer identified himself to Williams. The discarded object, which was later revealed to be crack cocaine, was found exactly where Officer Castillo saw it land after leaving Williams's hand. This evidence is sufficient to link Williams to the cocaine and to support his conviction for possession of a controlled substance. *See Sneed v. State*, 875 S.W.2d 792, 795 (Tex. App.—Fort Worth 1994, no pet.) (holding officer's testimony that he saw defendant possess and try to dispose of cocaine sufficient to support conviction); *Nelms v. State*, 834 S.W.2d 110, 114 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd) (holding officer's testimony that he saw defendant drop cocaine on ground sufficient to support conviction).

Williams contends that we should disregard Officer Castillo's testimony, as well as the testimony of the other officers on the scene, because none of them took photographs of the cocaine before it was picked up from the ground. This failure to photograph is what Williams contends "discredits" the officers, the implication being that Officer Castillo did not really see Williams discard the cocaine but, rather, one of the officers planted it on the ground to incriminate Williams. We fail to see how photographing the cocaine before picking it up would have made Officer Castillo's account any more or less believable. As the State pointed out at trial, had the officers

6

photographed the crack cocaine on the ground, Williams could still have argued that they did so after having planted it.

In any event, by arguing that the evidence is insufficient to link him to the cocaine *if* we disregard the officers' testimony, Williams tacitly admits that their testimony is sufficient to support his conviction. Again, it was within the jury's province to accept Officer Castillo's testimony that he saw Williams discard the cocaine, and that testimony establishes the requisite link. *See Queeman*, 520 S.W.3d at 622; *Poindexter*, 153 S.W.3d at 406.

## CONCLUSION

Williams sole issue is overruled. The judgment is affirmed.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 13, 2021

7